CASE 88—PETITION EQUITY—January 7.

# Wathen v. England, Master Commissioner, Etc.

### APPEAL FROM MARION CIRCUIT COURT

1. MASTER COMMISSIONERS AND RECEIVERS—FEES—STATUTORY CONSTRUCTION.—Under the provisions of sec. 1740 of the Kentucky Statutes fixing the fees of commissioners and receivers for receiving and paying out money under an order of court, the mere fact that bonds are made payable to such commissioner or receiver does not entitle him to the fees for receiving and paying out the money, unless he does in fact receive and disburse the same; and this was true under the General Statutes as well as under our present statutes.

2. SAME.—A commissioner is not entitled to any compensation for extra services in preparing advertisements, etc., of a sale; the fee prescribed by law for making the sale covers all such services.

3. SAME.—The mere fact that a commissioner was in court a number of days after the sale does not entitle him to extra compensation in the absence of anything to show in what the alleged extra labor consisted; it was his duty to report the sale to the court and he was not entitled to any extra compensation therefor.

THOMPSON & McCHORD, FOR APPELLANT.

1. The fees of master commissioners are fixed by statute; there was no warrant of law for, and no equity in, the allowance to the commissioner of commissions on the $12,000, which was never handled or disbursed by him; and the allowance for fifty-one

days extra. work at $3 per day was made without any evidence
to show that there was any extra. labor, and should be disal-
lowed. Outside of these two items the commissioner was well
compensated for his services and the auctioneer and all other
expenses paid in addition.

EDWARD L. ENGLAND FOR APPELLEE.

1. Under the General Statutes, which were in force when appellee
was appointed, $10 was allowed for each sale, and appellee sold
45 horses, to say nothing of the sulkies, harness, etc.; the pro-
visions of the Kentucky Statutes changing the fees of commis-
sioners were adopted in June, 1893, after appellees' appointment,
and under the provisions of section 161 of the Constitution they
could not affect appellee's right to compensation under the Gen-
eral Statutes. Sec. 161 Ky. Constitution; City of Louisville v.
Wilson, 99 Ky., 598.
2. As to the item of $153, for fifty-one days' services, there is no
evidence except that of the commissioner, the claim being veri-
fied as required by statute and sworn to by appellee on the trial
of the exceptions.
3. The bonds were taken payable to the commissioner and he was
responsible for every cent thereof, which amounted to over
$13,000, and it would be unreasonable to say that he should as-
sume such responsibility without any compensation.
4. Under the circumstances of this case the extra compensation for
advertising, etc., and for making out the long and tedious re-
ports that were necessary, should be allowed.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

J. Barney Wathen and J. B. Wathen, Jr., were partners
in the business of raising and developing trotting horses.
The firm was dissolved and a suit was brought to settle
the partnership affairs. The appellee, England, is master
commissioner and receiver of the Marion Circuit Court; and
an order was entered on the 22d of March directing him to
sell the partnership property, which he did on the 31st day
of the same month. It consisted in about forty-five horses
and some vehicles. The sale was consummated in one day,
and the property brought about $14,000. The bonds for the

purchase money were ordered to be and were taken payable to the receiver.

The question involved in this case is as to the fees which should be allowed the commissioner and receiver. He filed his account, in which appear the items as follows, to wit:

To sale of forty-five horses, sulkies, harness, feed, etc. $227.50

Fifty-one days of work, at $3 per day............ 153.00

Two per centum on $11,951...................... 239.03

Extra services in preparing and mailing advertise-

    ments, and providing funds to meet debts and

    expenses ................................. 50.00

Exceptions were filed to this and other items charged in the account, but attorneys for the appellant do not insist on objections to the allowance of other items. We will simply consider the exceptions and judgment as to the above items.

It is suggested by the appellee that he was appointed master commissioner before the enactment of the statute now in force regulating the fees of commissioners and receivers. It does not appear in the record when he was appointed master commissioner, and we indulge the presumption that he was appointed after the enactment of the law which was in force when the services were rendered. However, it is immaterial from the view we have of the question whether the General Statutes or the present statutes should regulate the allowance of the fees claimed, as he was not entitled to them under either; therefore, it would be unnecessary to decide what statute could be applicable did it appear that

England was appointed master commissioner and receiver while the General Statutes were in force.

Section 1740, Kentucky Statutes, reads as follows: *   *   * "To master commissioner or receiver, where the amount is not agreed upon by the parties, for each day they are actually engaged, $3.

"For selling land or personal property, where the amount of the sale does not exceed $2,000, $7.50.

"Where the sale amounts to more than $2,000 but does not exceed $5,000, $15.

"Where the sale exceeds $10,000, $25.   *   *   *

"For receiving and paying out money under an order of court, where the amount is $1,000 or less, two per centum.

"Where the amount is more than $1,000, but does not exceed $2,000, two per centum on the first $1,000, and one and one-half per centum on the excess.

"Where the amount is more than $2,000, but does not exceed $5,000, two per centum on the first $1,000, and one and one-half per centum on the second $1,000, and one per centum on the excess.

"Where the amount is over $5,000, he shall receive fees on the first $5,000, as above provided, and one-half of one per centum on the remainder."

The court allowed the master commissioner and receiver $25 for making the sale of the property instead of $227.50 claimed. The court could not have done otherwise from the plain language of the statute. The amount of the sale exceeded $10,000, and the statute allowed the commissioner to charge $25 for making it. The court allowed the commissioner $134.75 in lieu of the item of $239.03 which he had

charged for receiving and paying out money under the order of court. The court should not have allowed anything because the receiver did not receive and pay out any part of the $11,951.53. It is only where the commissioner has actually received and paid out the money that he is entitled to any commission. It is true the bonds were directed to be paid to the receiver under the order of the court, but before the bonds matured, or any rate before they were collected or any effort made to collect them, the parties to the controversy settled the matter, and bonds became the property of the appellant. The commissioner had nothing further to do with the bonds. Simply because bonds are made payable to a receiver or commissioner of the court does not entitle him to charge a per cent. for "receiving and paying out" the money when as a matter of fact he does not receive it, and of course does not pay it out.

The court properly sustained the exception to the item of $50 for extra services in preparing advertisements, etc., and providing funds to meet debts and expenses. The order of sale directed how the property should be advertised. In order to earn the $25 which the law allowed the commissioner, it was essential for him to advertise the property as the order required; and he was not entitled to any compensation for the services which he claims to have rendered.

When real estate or personal property is ordered to be sold, and the commissioner of the court is directed to execute the order, it is his duty to advertise the property as directed by the court and to report the sale to the court. He is not entitled to extra compensation for doing either of these things because they are part of the duties of the commis-

sioner which he must perform anterior and subsequent to the sale in order to earn the fee which the statute allows. Of course if the court should direct the commissioner to advertise a sale in newspapers, then the charges for such advertisements would not come out of the allowance to which the commissioner is entitled under the statute making the sale. For the other charge which enters into that item, to wit.: Providing funds to meet debts and expenses," there was an allowance made, and which appears in the item of $61.05, which is not questioned.

The court allowed the appellant $153, $3 per day for fifty-one days' services claimed to have been rendered after the sale of the property. The court allowed the auctioneer $75 for crying the sale, and allowed the appellant for ten days' services which he claimed to have rendered between the entering of the order of the sale and the sale. The property seems to have been delivered to the purchasers on the day of the sale. There was nothing for the commissioner to do when the purchaser complied with the terms of the sale, by executing bonds for the purchase money, but to report the sale, except to make reports of the money received and disbursed, for which he has been compensated. When the commissioner asked what services he was engaged in during the fifty-one days for which he charged, he said: "I can not exactly tell. I was in court here lots and lots of days. Lots and lots of days that I was in court here and did not charge for. Col. Wathen took over one-half of my time on them." He was not entitled to charge anything for being in court. There was nothing in his position as receiver which required him

to be rendering the alleged services, and he was not entitled, from his own statement, to any part of the $153. There were some other items which the commissioner charged, and fees for which an allowance was made, to which he was not entitled, but as it is not urged that they be disallowed him, this court will not designate what they are.

The judgment is reversed for proceedings consistent with this opinion.