## Rash, et al. v. Givens.

(Decided October 24, 1913).

### Appeal from Henderson Circuit Court.

1. Commissioners—Fees of—Statute Leaves No Discretion in Chancellor.—Section 1740, Kentucky Statutes fixing the fees of Commissioners, leaves no discretion in the Chancellor.

2. Commissioners—Sale Bonds Payable to—When Not Entitled to Commissions.—The fact that the sale bonds are made payable to the commissioner does not entitle him to any part of the commissions fixed in the statute, unless he actually collects and disburses the funds.

MONTGOMERY MERRITT for appellant.

YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

In 1911 the Southern Coal & Transportation Company executed a deed of general assignment for the benefit of its creditors.

The assignee instituted this action to settle the estate, and the case was referred to the appellee, Givens, Master Commissioner, directing him to report upon the various claims against the assigned estate.

In due time he filed such report showing about ninety claims aggregating over $97,000, and designating the character of the various claims. In the report the commissioner asked for an allowance of $100 for his services in making the report which was allowed.

Thereafter a judgment was entered directing the sale of all of the property, and directing the commissioner to execute the same. He filed his report showing that the property had been sold to appellant, Denton for about $97,000, and returned with his report numerous sale bonds made payable to the commissioner.

Thereafter the bonds were assigned by the purchaser to the Panama Coal Company, and by his direction the deed was made to that company.

The purchase money bonds so made payable to the commissioner were never, as appears from the record, paid into court, nor collected by the commissioner; for the court in its final judgment directed the commissioner to cancel the purchase money bonds upon the payment of the costs.

The commissioner filed an itemized claim for services, none of which is in dispute, except that part claiming the percentage under the statute (section 1740) for receiving and paying out money under the order of the court, which percentage amounts to $522.29. The lower court, however, declined to allow him the full percentage, but did allow him half thereof or $261.14; from that judgment this appeal is prosecuted.

We are at loss to understand upon what theory the one-half commission was allowed; if the appellee had collected and paid out the purchase money bonds under the order of the court, he would have been entitled to the statutory fees for the labor and responsibility in its collection and disbursement.

But as he collected no part of it, he was entitled to nothing.

Formerly allowances to commissioners rested wholly in the discretion of a chancellor, but the enactment of section 1740, Kentucky Statutes, which in detail fixes such fees, took from the chancellor all discretion in such matters. McHenry v. Winston, 105 Ky., 307.

The fact that the bonds were made payable to the commissioner entitles him to no compensation under the statute, unless he actually collects and disburses the funds.  Wathen v. England, 102 Ky., 537.

The judgment is reversed, with directions to enter a judgment in conformity herewith.